## Case No. 14,032.

### In re TIFFT.

#### [18 N. B. R. 177.] [1]

District Court, E. D. New York. April 23, 1878.

BANKRUPTCY—COMPOSITION—EXAMINATION OF BANKRUPT.

[In the matter of Alanson H. Tifft, a bankrupt. See Cases Nos. 14,029–14,031, and 14,-036.]

A. C. Aubrey, for bankrupt.
C. H. Phelps, for creditor.

## Case No. 14,033.

### In re TIFFT.

#### [18 N. B. R. 227.] [1]

District Court, E. D. New York. May 20, 1878.

BANKRUPTCY — COMPOSITION — EXAMINATION OF BANKRUPT—PAYMENT OF FEES—SCHEDULE.

1. A refusal by the register to proceed further with the examination of the debtor without payment of his fees, or security, full opportunity having been given to make such payment or deposit security before the closing of the examination, affords no ground upon which a creditor can base an opposition to the recording of a resolution of composition.

2. So long as the inventory is produced before the register and at all times made accessible to the creditor for the purpose of examining it or the bankrupt in respect to it, the creditor is not prejudiced by a refusal of permission to take a copy thereof.

[In the matter of Alanson H. Tifft, a bankrupt. See Cases Nos. 14,036, 14,030, 14,031, and 14,029.]

[1] [Reprinted by permission.]

A. C. Aubrey, for bankrupt.
C. H. Phelps, for opposing creditor.

BENEDICT, District Judge. This case comes before the court upon a motion to record a composition resolution. It is founded upon the report of the register of the proceedings of the meeting of creditors in composition, by which it appears that the resolution was duly passed and confirmed by the requisite number of creditors. To this report is attached the examination of the bankrupt had at such meeting at the instance of certain creditors, and also a further examination of the bankrupt subsequently directed by the court to be had at the instance of an opposing creditor, who claimed that his right to put inquiries to the bankrupt had been abridged by the action of the meeting of creditors in excusing the bankrupt from further attendance at such meeting.

Objection to the recording of the composition is now made by the creditor referred to upon two grounds: one that he has been improperly deprived of the right to examine the bankrupt in accordance with the order of the court, by the refusal of the register, during such examination of the bankrupt, to proceed further without payment or security for his fees for such examination. It has previously been decided by the court in this same proceeding that the expense of an examination of the bankrupt on composition proceedings must be borne in the first instance by the creditor making the inquiry. It was therefore incumbent upon this creditor to comply with the direction of the court in regard to such expense, and the refusal of the register to proceed further without payment of his fees or security, full opportunity having been given to make such payment or deposit security before the closing of the examination, affords no ground upon which the creditor can base an opposition to the recording of the composition resolution.

The second ground of objection is that the register erroneously ruled that the opposing creditor was not entitled to take a copy of an invoice book, produced by the bankrupt, and purporting to show the amount, description, and value of his assets, by which ruling it is insisted the creditor was prevented from ascertaining for his own information and from showing to the court the true amount and value of the property now possessed by the bankrupt. The report of the ruling objected to shows that the counsel for the opposing creditor desired to copy the inventory for the purpose of appraising the goods mentioned therein. The register ruled that the bankrupt might be examined touching the goods, and the creditor might use the inventory upon the examination, but refused permission to take a copy of the inventory. This ruling was objected to at the time, but no certificate was asked for, and the question is now first raised before the court upon

this motion. It was the duty of the creditor to have brought the question before the court by a certificate, and not to have waited until the examination has been closed, and the case is before the court upon a motion to record the resolution. In the second place, so long as the inventory was produced before the register, and at all times made accessible to the creditor for the purpose of examining it or the bankrupt in respect to it, I see no prejudice to the creditor by the refusal of permission to take a copy.

My conclusion, therefore, is that no valid objection has been taken to the recording of the composition. The composition sought to be effected was one proposed after a full examination of the bankrupt's affairs by a committee of the creditors, and in accordance with the views of the great mass of creditors, but a single creditor opposing. The voluminous testimony taken fails to furnish any reason for doubting that it is for the best interest of all concerned that the composition be carried out. The order will therefore pass directing that the resolutions be recorded.

[For subsequent proceedings in this litigation, see Cases Nos. 14,034, 14,035, and 11 Fed. 463.]